IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH F. NILAN, JR.** : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 13-5524** |
| : | |
| **CAROLYN W. COLVIN, ACTING** : | |
| **COMMISSIONER OF SOCIAL SECURITY** : | |
| **Defendant.** : | |

**CORRECTED ORDER**

**AND NOW**, this 17th day of November 2015, *nunc pro tunc* to the original order date of April 9, 2015, upon consideration of the Plaintiff's Request for Review, Defendant's response thereto, and upon review of the Report and Recommendation of Magistrate Judge David R. Strawbridge, to which no objections have been filed, and after a careful, independent review of the administrative record, it is hereby **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to remove this action from civil suspense;

2. The Report and Recommendation is **APPROVED AND ADOPTED**[1]; and

3. The decision of the Acting Commissioner of Social Security denying Joseph F. Nilan, Jr. social security disability insurance benefits and supplemental security income is **VACATED** and the case is **REMANDED** to the Commissioner for further proceedings consistent with the Report and Recommendation.

It is so **ORDERED.**

BY THE COURT:

/s/Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

---

[1] The Report and Recommendation comprehensively addressed the issues in this case, and the Court adopts it in full. In particular, the Court agrees that the Administrative Law Judge ("ALJ") improperly discounted the opinion of Plaintiff's treating neurologist, Dr. Gupta, based upon a misreading of the findings of physical examinations, and substituted the ALJ's lay understanding of the meaning of diagnostic tests for the opinion of the treating physician. The Court also agrees that on remand, the ALJ should consider whether to send Plaintiff to a consultative examiner or seek the testimony of a medical expert at the hearing.